SCHWARTZ, Judge.
As the owner of a non-abutting lot in the Moorings subdivision who was granted by dedication the right to the “use and enjoyment” of an artificial but navigable canal within the boundaries of the subdivision to the east of his property, the plaintiff-appellant Immer possessed no rights in or to the canal beyond those possessed by the public generally. Game and Fresh Water Fish Commission v. Lake Islands, Ltd., 407 So.2d 189 (Fla.1981); Silver Blue Lake Apts., Inc. v. Silver Blue Lake Home Owners Ass’n, 245 So.2d 609, 615 (Fla.1971) (Ervin, C. J., dissenting); 65 C.J.S. Navigable Waters § 1 (1966). Accordingly, he did not have standing to maintain the instant action, which complains that the defendants, who own parcels which are not within the subdivision, but which abut the canal on the opposite or east side, are improperly exercising riparian rights of access by maintaining docks and boats in the waterway. See Alden v. Pinney, 12 Fla. 348, 390 (1869); Sullivan v. Moreno, 19 Fla. 200, 220 (1882).[1]
The other plaintiff, the Moorings Property Owners Association, is an unincorporated association which itself owns no property whatever and thus all the more clearly may not assert such a claim. See United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9 (Fla.1974); Hemisphere Equity Realty Co., Inc. v. Key Biscayne Property Taxpayers Ass’n, 369 So.2d 996, 1001 (Fla. 3d DCA 1979).
On the sole ground of lack of standing— and specifically without deciding the substantive issue of whether the defendants in fact possess riparian rights to the canal— the judgment entered below is therefore
Affirmed.